**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**

**WESTERN DIVISION**

|  |  |  |
|---|---|---|
| SONJA R. ERICKSON | ) | Cause No. 2:09-cv-02461-cgc |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
| BROCK & SCOTT, PLLC | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**COUNTERCLAIM DEFENDANT'S MOTION TO DISMISS COUNTERCLAIM AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff/Counterclaim Defendant, Sonja R. Erickson, by and through her undersigned attorneys, pursuant to Fed R. Civ. P. 12 (b)(6), brings this Motion to Dismiss Counterclaim for failure to state a claim upon which relief can be granted. In support of this Motion, Erickson states:

1. On or about July 20, 2009, Plaintiff filed a Complaint against Defendant Brock & Scott, PLLC, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2. On or about September 21, 2009, Defendant, Brock & Scott, PLLC ("B&S"), filed its Answer, Affirmative Defenses, and Counterclaim.

3. The Counterclaim lists "the only acts Defendant has undertaken with regard to the collection of a consumer debt from Plaintiff" and claim that the acts "do not give rise to a cause of action by Plaintiff by reason of a violation of the FDCPA." Counterclaim at ¶¶ 24, 25.

4. All of the listed allegations in the Counterclaim claim to show that the Complaint is unfounded and Defendant/Counterclaim Plaintiff asks for dismissal of the Complaint and an award of attorney's fees and costs, presumably based on Plaintiff having brought an unfounded and unsupportable litigation.

5. Defendant does nothing to address the allegations of the Complaint or why those allegations are baseless, but that becomes irrelevant once we examine the allegations and exhibits in the Counterclaim, which must be dismissed for failing to state a claim upon which relief could be granted.

6. As part of its allegations, B&S includes as an exhibit a disc of recorded messages and conversations which took place between Plaintiff and B&S.

7. Among those attached, the following are partial transcripts of the portions relevant to this action and the instant Motion to Dismiss:

   a. Exhibit 2(a)

   [after outgoing message] "This message is intended for Miss Sonja Erickson.  This is Andrea with the law firm of Brock & Scott. There's a case in our office that involves your name that I do need to discuss with you.  We are considering litigation against this and there are several options that I would like to explain to you before it goes any further."   [then gives telephone number, says her name with Brock & Scott, and repeats number]

   b. Exhibit 2(b)

   [after outgoing message] "This message is intended for Sonja Erickson.  Miss Erickson, this is Andrea with the law firm of Brock & Scott.  I do need to discuss the case in our office with you that involves your name so I do need a return callas soon as possible at…"  We are considering litigation against this and there are several options that I would like to explain to you before it goes any further."   [then gives telephone number, says her name with Brock & Scott, and repeats number]

   c. Exhibit 2(c)

[after outgoing message] "This message is intended for Sonja Erickson. Miss Erickson, this is Andrea with the law firm of Brock & Scott. I've left you a couple of messages with regard to the legal matter that's in our office that contains your name and if you'd like to resolve this before it goes any further, I do need to get a return call from you. My telephone …."  [then gives telephone number, says her name with Brock & Scott, and repeats number][1]

8. The definition of communications under the FDCPA is "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2)  Though apparently not decided in this jurisdiction, courts generally consider messages left by telephone as communications under the FDCPA.  *See, e.g., Thomas E. Berg, Jr. v. Merchants Association Collection Division, Inc.*, 586 F. Supp. 2d 1336, 1341 (SDFL Oct 31, 2008); *See also Belin v. Litton Loan Servicing, LP*, 2006 U.S. Dist LEXIS 47953 *12 (MDFL July 14, 2006); *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 655-56 (SDNY 2006).

9. When a communication is made by a debt collector, the FDCPA and relevant caselaw interpreting the statute have held that under § 1692e(11), that debt collector violates the statute by:

> The failure to disclose in the initial written communication with the consumer and, in addition, **if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a   debt and that any information obtained will be used for that purpose**, and the **failure to disclose in subsequent communications that the communication is from a debt collector**, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.
>
> 15 U.S.C. § 1692e(11)(emphasis added)

---

[1] While these are exact representations of the portions cited, the Court is welcome to listen to the CD physically delivered as Exhibit 2 to Counterclaim Plaintiff's Counterclaim.  Counterclaim defendant did not want to burden the Court with another copy of the CD.

10. To prevail on this Motion to Dismiss, Counterclaim Defendant must show that, when taken in a light most favorable to Counterclaim Plaintiff, Counterclaim Plaintiff in its Counterclaim has failed to plead enough facts to state a claim to relief that is plausible on its face. *Kevin Rudek v. Frederick J. Hanna & Assoc., P.C.*, 2009 U.S. Dist. LEXIS 11573, 3-4 (EDTN Feb. 17, 2009) *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (May 21, 2007).

11. Also, "bare assertions of legal conclusions are insufficient, and the 'complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Rudek* at 4 *quoting Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

12. In the instant action, B&S claims that "The Plaintiff has filed the Complaint in bad faith and for the purpose of harassment," and "The aforesaid acts of Defendant do not give rise to a cause of action by Plaintiff by reason of a violation of the FDCPA." Counterclaim ¶¶ 22, 25.

13. Without having to argue every allegation and virtually trying this case in the instant Motion, Defendant/Counterclaim Plaintiff's Counterclaim must be dismissed for failure to state a claim upon which relief can be granted as it can never plausibly sustain its claim of abusive litigation as its own Counterclaim defeats itself. The exhibits attached to the Counterclaim as Exhibits 2(a), 2(b), and 2(c) show without any doubt that B&S repeatedly communicated with Erickson, whether the initial communication or subsequent communications,

without identifying itself as a debt collector or warning that the communication was involving a debt. These clear violations of the FDCPA, a strict liability statute, show that any claim under the FDCPA by this Plaintiff is valid and, as such, the Counterclaim for filing an unfounded Complaint must be dismissed.

WHEREFORE, Plaintiff/Counterclaim Defendants respectfully requests this Court enter an Order dismissing in its entirety the Counterclaim in this action and awarding attorney's fees and costs associated with having to defend such a baseless and self-defeating claim, as well as any such further relief this Court deems Plaintiff entitled, in law or equity.

Respectfully submitted this 13th day of October, 2009.

/s/David A. Stowers
TN Bar No. 27564
KURZ & FORTAS, LLC, *of counsel*
294 Washington Avenue
Memphis, TN 38103
Telephone No. (866)971-7208 x 416
Facsimile No. (866)971-7209
dstowers@kurzandfortas.com
Attorneys for Plaintiff Sonja Erickson

*Please send all correspondence to:*
David A. Stowers
c/o KURZ & FORTAS, LLC
1932 N. Druid Hills Road, Suite 200
Atlanta, GA 30319

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing COUNTERCLAIM DEFENDANT'S MOTION TO DISMISS COUNTERCLAIM AND INCORPORATED MEMORANDUM OF LAW was filed with the ECF system and therefore served upon counsel for Defendant/Counterclaim Plaintiff on this

the 13th day of October, 2009.

                                                 /s/David A. Stowers\
                                                 TN Bar No. 27564\
                                                 KURZ & FORTAS, LLC, *of counsel*\
                                                 294 Washington Avenue\
                                                 Memphis, TN 38103\
                                                 Telephone No. (866)971-7208 x 416\
                                                 Facsimile No.  (866)971-7209\
                                                 dstowers@kurzandfortas.com\
                                                 Attorneys for Plaintiff Sonja Erickson

*Please send all correspondence to:*\
David A. Stowers\
c/o KURZ & FORTAS, LLC\
1932 N. Druid Hills Road, Suite 200\
Atlanta, GA 30319