### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

SONJA R. ERICKSON,                )
    Plaintiff,                          )
                                 )     Docket No. 09-2461
      versus                       )
                                   )
BROCK & SCOTT, PLLC,         )
    Defendant.                        )

### DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS
### COUNTERCLAIM

COMES NOW THE DEFENDANT, Brock & Scott, PLLC, by and through the undersigned counsel, and by way of opposition to the Plaintiff's Motion to Dismiss Counterclaim, will show as follows:

The Defendant has, in its Answer, Affirmative Defense, and Counterclaim, alleged as follows:

1. That the acts set forth therein, which are listed in Paragraph 23(A)-23(Y), are the only acts which Defendant has undertaken to collect a debt owed by Plaintiff to Defendant's client (Paragraph 24);

2. That substantially all[1] of the allegations of the Plaintiff's Complaint are false (Paragraph 20);

3. That the Plaintiff knew of the falsity of the allegations at the time that the

---

[1] The Complaint makes specific factual allegations as to statements uttered by the Defendant, acting through its employee(s). In response, the Defendant has attached to the Counterclaim, as Exhibits #2(a) through 2 (i), the recordings made of each telephone call between the parties, none of which contain the statements alleged by the Plaintiff. The Defendant has more generally denied all of the substantive allegations of the Complaint, but has admitted allegations as to jurisdiction, venue, and the identity of the parties.

Complaint herein was filed (Paragraph 21);

4. The Complaint was filed by the Plainitff acting "in bad faith and for purpose of harassment." (Paragraph 22); and,

5. That the acts of the Plaintiff in collecting the debt at issue do not violate the FDCPA. (Paragraph 25).

Plaintiff makes two related but distinct arguments for the dismissal of the Counterclaim. First, Plaintiff argues that "Defendant does nothing to address the allegations of the Complaint or why those allegations are baseless...." (Counterclaim Defendant's Motion to Dismiss Counterclaim and Incorporated Memorandum of Law, at Paragraph 5.) This argument fails because Plaintiff has quite simply failed to carefully read the allegations of the Answer, Affirmative Defense, and Counterclaim. The Answer expressly denies the misconduct complained of by the Plaintiff; the Counterclaim specifically alleges that the only conduct that occurred is as set forth therein (including the Exhibits incorporated by reference therein), and the Counterclaim, naturally, does not allege that the misconduct complained of by the Plaintiff actually took place, because, as demonstrated by the Defendant's Exhibits, no conduct which even arguably approaches the descriptions offered by the Plaintiff actually occurred. The Plaintiff has quite simply made a claim for which no proof can be supplied; although the claim, based as it is upon factual allegations not consistent with the truth, can survive a Motion to Dismiss pursuant to Rule 12(b)(6) which requires the Court to treat the demonstrably false factual allegations as true, it is equally certain that the claim will ultimately fail for want of proof, either at the Summary Judgment stage, or at trial. The Counterclaim alleges, and the Defendant intends to prove, that the allegations of the Complaint are without factual support, that the

Plaintiff was aware that they were without factual support at the time they were made in the Complaint, and that the Plaintiff, assisted by counsel, has nevertheless sought to prosecute her Complaint for the purpose of harassing the Defendant and interfering with its efforts to collect a debt owed by the Plaintiff to its client. Treating each of those matters as true, the Defendant has stated a claim as to which it is entitled to the relief it seeks, and the Plaintiff's Motion to Dismiss upon those grounds should be denied.

The Plaintiff's second argument for dismissal of the Counterclaim likewise fails, because the allegations of the Counterclaim do in fact state a claim upon which the Defendant is entitled to the relief prayed for, in the form of a declaratory judgment by this Court that the Defendant's conduct, as recited in the Counterclaim, is all of the conduct of the Defendant that occurred in connection with the collection of a consumer debt from the Plaintiff, and that all of that conduct was in keeping with the statutory requirements of the FDCPA.

Under the FDCPA, those who are collecting a debt from a consumer on behalf of a third party are required, *inter alia*, to "disclose" to the consumer, in each communication had with the consumer, that the communication is from a debt collector. See 15 U.S.C. §1692e(11). That requirement is embedded within the section of the Act that prohibits "false, deceptive, or misleading" representations in debt collection efforts. The United States Court of Appeals for the Tenth Circuit, analyzing 15 U.S.C. §1692e(11) in *Dikeman v. National Educators, Inc.*, held that

> "The term 'disclose' used in the statute is, viewed in isolation, ambiguous as to whether a verbal statement is required. We contrast the use of 'disclose' in this subsection with the use of

> 'statement" in §1692g of the same subchapter to define the requirements for disclosures by creditors in a different context. The definition of the word 'statement' focuses on express communication orally or in writing. ... We also take note that §1692e(11) does not place the required disclosure in quotation marks or set forth any specific required wording for the disclosure, but merely defines what the content of the required disclosure will be ... The definition of the term 'disclose' is sufficiently ambiguous that, in an appropriate context, it could be construed to include other forms of making facts known than verbal statements."

Here, the Counterclaim sets forth that the first communication had between Plaintiff and Defendant was in the form of the letter attached as Defendant's Exhibit #1 to the Counterclaim. Although that letter is a document in writing the contents of which speak for themselves, the fact is that the letter contains a clear indication that Brock & Scott is a law firm acting on behalf of its client in collecting a debt from the Plaintiff. A telephone message made two days after sending a letter with that content, which message recites that it is from Brock and Scott, and that further recites that there is a case that involves the Plaintiff in the Defendant's office upon which the Defendant is considering litigation "against this", is sufficient to inform even the least sophisticated debtor that the communication is from an entity (Brock & Scott, PLLC) that is attempting to collect a debt (the debt referenced in the letter). Plaintiff's argument that the statements are actionable because they fail to include the verbatim recitation of the statutory provision, "This communication is from a debt collector." is a hyper-technical reading the statute in an attempt to reach an absurd result: that of holding the Defendant liable for the act of identifying itself by the name by which it is known to the Plaintiff, rather than as one member of an unknowably-large class of "debt collectors." Because the act of truthfully identifying itself as being the same entity which previously had communicated with the Plaintiff concerning the debt

is not of itself false, deceptive, or misleading, and further because the statute does not expressly require the use of any more specific language in its mandatory disclosure provision, the Defendant's claim not to have violated the FDCPA, and suit for declaratory judgment to that effect, is not subject to dismissal under Rule 12(b)(6). Likewise, the Defendant's Counterclaim against the Plaintiff for its damages incurred by the Plaintiff's having commenced this action in bad faith and for purposes of harassment is not subject to dismissal because, as set forth both above and, more fully, in the Answer, Affirmative Defense, and Counterclaim, is not subject to being dismissed because the Defendant has alleged each element necessary to show that the prosecution of this action by the Plaintiff is in bad faith and for purposes of harassment, including *inter alia* the untruthfulness of the Plaintiff's allegations, all as demonstrated by Defendant's pleadings and attached exhibits. Even assuming *arguendo* that the Court elects to find that a violation of the FDCPA has been committed by Defendant, the Plaintiff would still be subject to the counterclaim of the Defendant upon that basis, because of the knowingly false allegations of the Complaint.

Respectfully Submitted, this the 22nd day of October, 2009.

BROCK & SCOTT, PLLC

/s/ Richard L. Jackson
Richard L. Jackson, TN BPR #021211
Counsel for the Defendant

BROCK & SCOTT, PLLC
1315 Westbrook Plaza Drive
Winston-Salem, NC 27103
Telephone:  (336) 354-1797
Telefax:  (336) 354-1588
Email: richard.jackson@brockandscott.com