**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

**SONJA R. ERICKSON,**

      **Plaintiff/Counter-Defendant,**

v.                                           **No. 2:09-cv-02461-cgc**

**BROCK & SCOTT, PLLC,**

      **Defendant/Counter-Plaintiff.**

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO DISMISS COUNTERCLAIM**

Before the Court is Plaintiff/Counter-Defendant Sonja R. Erickson's ("Erickson") Motion to Dismiss Counterclaim. (D.E. #10).[1] In the instant motion, Erickson requests that the Court dismiss Defendant Brock & Scott's ("B&S") Counterclaim for declaratory judgment pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. For the reasons set forth herein, Erickson's motion is hereby GRANTED IN PART AND DENIED IN PART.

**I. Introduction**

This case arises from allegations that B&S attempted to collect a consumer debt from Erickson in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p. Specifically, Erickson alleges that B&S (1) caused her telephone to ring repeatedly or continuously with intent to harass, annoy, or abuse, (2) communicated with Erickson at times or

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), the parties in this matter have consented to the jurisdiction of the United States Magistrate Judge to conduct any and all proceedings in the case. (See D.E. #9).

1

places which were known or should have been known to be inconvenient, including before 8:00 a.m., after 9:00 p.m., and on holidays, (3) falsely representing the character, amount, or legal status of her debt, (4) falsely representing that certain individuals attempting to collect the debt are attorneys, (5) falsely representing or implying that non-payment of Erickson's debt would result in the seizure, garnishment, attachment, or sale of Erickson's property or wages, (6) using language intended to abuse, shame, and belittle Erickson, (7) falsely representing or implying that B&S operates or is employed by a consumer-reporting agency and that non-payment would destroy Erickson's credit rating, (8) overshadowing statutorily required disclosures during the thirty-day dispute period, and (9) communicating with Erickson after having received a cease-and-desist letter stating that Erickson refuses to pay the debt. See Compl. ¶ 8(i)-(ix).  In her prayer for relief, Erickson seeks a declaratory judgment that B&S violated the FDCPA and requests actual damages, statutory damages, costs, disbursements, reasonable attorneys' fees, and any other relief as may be just and proper. Id. at 6.

B&S's Answer denies that it has violated the FDCPA and denies the essential factual allegations asserted in Erickson's Complaint. See Answer ¶ 1, 8(i)-(ix).  Additionally, B&S's Counterclaim seeks a declaratory judgment that it did not violate the FDCPA, that Erickson brought the action in bad faith for purposes of harassment, and that it be awarded attorneys' fees incurred in the defense of Plaintiff's unfounded Complaint. See Counterclaim at 11. Id.

**II. Analysis**

The sole issue presented in the instant motion is whether B&S's Counterclaim states a claim upon which relief may be granted. Under Rule 12 of the Federal Rules of Civil Procedure, a party may bring a motion to dismiss for failure to state a claim. Fed. R. Civ. P. 12(b)(6). This motion

only tests whether the party has pleaded a cognizable claim. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). Essentially, it allows the court to dismiss, on the basis of a dispositive issue of law, meritless cases which would otherwise waste judicial resources and result in unnecessary discovery. See, e.g., Nietzke v. Williams, 490 U.S. 319, 326-27 (1989).

To determine whether a motion to dismiss should be granted, the court must examine the claim. The claim must contain a short and plain statement showing that the pleader is entitled to relief, Fed. R. Civ. P. 8(a)(2), and it must provide the opposing party with fair notice of what the claim is and the grounds upon which it rests. Conley v. Gibson, 355 U.S. 41, 47 (1957); Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976). While a claim need not present detailed factual allegations, to be cognizable it must provide more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1959 (2007); see also Scheid, 859 F.2d at 436-37. A claim must have a factual foundation, and the mere possibility that a party might later establish some set of undisclosed facts to support recovery is insufficient to survive a 12(b)(6) challenge. Twombly, 127 S.Ct. at 1968.

In reviewing the claim, the court must accept as true all factual allegations and construe them in the light most favorable to the plaintiff. Nietzke, 490 U.S. at 326-27; Windsor v. The Tennessean, 719 F.2d 155, 158 (6th Cir. 1983). However, only well-pleaded facts must be taken as true, and the court need not accept legal conclusions or unwarranted factual inferences. Lewis v. ACB Bus. Servs., Inc.,135 F.3d 389, 405-06 (6th Cir. 1998). When a claim is adequately stated, it may not be dismissed based on the court's assessment that the party will "fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." Twombly, 127 S.Ct. at 1969.

In addition to the general pleading requirements for a claim, a counterclaim must not be

"directed at the allegations of the complaint" but instead must contain "an independent claim for relief." 27A Federal Practice Lawyer's Edition § 62:201; see also Office & Prof'l Employees Int'l Union, Local No. 9, AFL-CIO v. Allied Industrial Workers International Union, 297 F. Supp. 688 (E.D.Wisc. 1975). Id. at 691 (internal citations omitted). For example, in John Evans Sons, Inc. v. Majik-Ironers, Inc., 95 F.R.D. 186 (E.D. Pa. 1982), the United States District Court for the Eastern District of Pennsylvania dismissed a counterclaim as redundant to the complaint because it "merely serve[d] to restate the controversy set forth in the complaint." Id. at 190 (quoting 5 Moore's Federal Practice § 41.09).

In the context of a declaratory judgment action, the United States Court of Appeals for the Sixth Circuit has advised that counterclaims for declaratory judgments may be proper if the relief sought "could have been made the basis of a separate suit in equity." Dominion Electrical Mfg. Co. v. Edwin Wiegand Co., 126 F.2d 172, 173 (6th Cir. 1942). Relying upon the Second Circuit's opinion in Leach v. Ross Heater & Mfg. Co., 104 F.2d 88, 91 (2d Cir. 1939), the Dominion court determined that the counterclaim "should not have been stricken out summarily in advance of the trial" because, "'[w]hile it may turn out at trial that a decision on the merits of the plaintiff's bill will dispose of the controversy between the parties completely and render declaratory judgment unnecessary, in which case the counterclaim may be dismissed, . . . it was error to strike out the counterclaim at so early a stage.'" 126 F.2d at 174 (quoting Leach, 104 F.2d at 91). The Dominion court further stated that it would be "better able to appraise the need of the defendant for affirmative relief after a consideration of both the bill and the counterclaim upon the merits, than in a preliminary hearing upon a motion to dismiss" and that "mere dismissal of plaintiff's bill does not always adjudicate every aspect of the controversy or give the defendant all the relief to which he

4

may be entitled." 126 F.2d at 174. Ultimately, the Dominion court refused to dismiss the counterclaim for declaratory judgment, reasoning as follows: "We see no reason why the [defendant] may not avail himself of this novel procedural device for securing, at all events, a complete and final determination of all aspects of the controversy here involved." 126 F.2d at 175.

Although the Dominion court addressed the issue of pre-trial dismissal of similar counterclaims for declaratory judgment, the court did so in the context of a patent-infringement action. The court illustrated the unique situation presented in such cases: "It frequently happens that the court, in a patent or trademark infringement suit, finding the defendant innocent of infringement, deems it unnecessary to determine issues of title, validity, or the scope of the parent claims. One defendant exonerated of infringement may be content with such adjudication—another may not." Dominion, 126 F.2d at 174. As these cases typically present counterclaims where defendants seek declaratory judgments for issues beyond the scope of plaintiff's complaint, "in the field of patent litigation the federal courts almost unanimously have held that when plaintiff's claim is for patent infringement, defendant may counterclaim for a declaration of the invalidity or noninfringement of the patent." Wright, Miller & Kane, 6 Federal Practice & Procedure § 1406 (3d. ed.) (citations omitted).

While the Sixth Circuit has not directly addressed the issue of counterclaims for declaratory judgment outside the patent context, District Courts have disagreed on the proper treatment of so-called "mirror-image" counterclaims. See Calvin R. Pettrey v. Enterprise Title Agency, Inc., No. 1:05-cv-1504, 2006 WL 3342633 (N.D.Ohio Nov. 17, 2006). A number of District Courts have refused to dismiss counterclaims on the basis that they are redundant to the complaint. See United Wats, Inc. v. Cincinnati Ins. Co., 971 F.Supp. 1375, 1381 (D.Kansas 1997); Iron Mountain Security

Storage Corp. v. Am. Specialty Foods, Inc., 457 F.Supp. 1158, 1162 n.3 (E.D.Pa. 1978); Jungersen v. Miller, 125 F.Supp. 846 (N.D.Ohio 1954); Int'l Woodworkers of Am. v. McCloud River Lumber Co., 119 F.Supp. 475, 488 (N.D.Cal. 1953). For example, in Iron Mountain, the United States District Court refused to dismiss a counterclaim for declaratory judgment in a contract action, stating that a defendant should "have every right to seek a judgment declaring that [t]heir interpretation of the contract was the correct one." Iron Mountain Security Storage Corp. v. American Specialty Foods, Inc., 457 F. Supp. 1158, 1162 (E.D.Penn. 1978). The Iron Mountain court reasoned as follows: "A ruling adverse to plaintiff on plaintiff's claim would merely result in a judgment that plaintiff was not entitled to the relief requested; although it might logically follow from that judgment that defendants' interpretation of the contract was the correct one, defendants would not be entitled to a judgment to that effect unless they specifically requested one." Id. In sum, the Iron Mountain court opined that there is "no rule preventing the assertion of a counterclaim merely because the theory relied upon is the converse of that in the complaint." Id. at 1162.

Other courts have dismissed such counterclaims on the basis that they are redundant to the complaint. For example, in Aldens, Inc. v. Packel, 524 F.2d 38 (6th Cir. 1975), the United States Court of Appeals for the Third Circuit determined that a "prayer for declaratory relief is redundant and became moot upon the disposition of the complaint, . . . where it is clear that there is a complete identity of factual and legal issues between the complaint and the counterclaim." Id. at 51-52. Further, in Mille Lacs Band of Chippewa Indians v. State of Minnesota, 152 F.R.D. 580 (D.Minn. 1993), the United States District Court for the District of Minnesota held that the claim and proposed counterclaim "raise identical factual and legal issues" and that the "proposed counterclaim is redundant and will be moot upon disposition of the plaintiffs' claims." Id. at 582. Relying upon

6

Aldens, the Mille Lacs court held that a "redundant declaratory judgment claim is not a proper declaratory judgment claim and should be dismissed." Id. (citing Aldens, 524 F.2d at 51-52). Likewise, in Resolution Trust Corporation v. Ryan, 801 F.Supp. 1545 (S.D.Miss. 1992), the United States District Court for the Southern District of Mississippi held that, because defendants simply sought an adjudication that they have not acted illegally as alleged by plaintiffs, "there is an identity of factual and legal issues" between the complaint and proposed counterclaim. Id. at 1556. As such, the plaintiff's declaratory judgment claim "renders the defendants['] counterclaims for declaratory judgment redundant and moot upon disposition of the claims against defendants." Id. (citing Aldens, 524 F.2d 51-52). See also Tenneco v. Saxony Bar & Tube, Inc., 776 F.2d 1375, 1379 (7th Cir. 1985); United States v. Zanfel, 353 F.Supp. 962, 964 (N.D.Ill. 2005); Green Bay Packaging, Inc. v. Hoganson & Assocs., Inc., 362 F.Supp. 78, 82 (N.D.Ill. 1973).

Despite the opposing viewpoints expressed by courts on this issue, one District Court has opined that the "cases are not necessarily at odds." Pettrey, 2006 WL 3342633, at *3. Specifically, the Pettrey court concluded that the courts agree that the focus should be on "whether the counterclaims serve any useful purpose." Id. (citing Wright, Miller & Kane, 6 Federal Practice & Procedure 2d §1406). Yet even the Pettrey court noted that "it may be difficult in most instances to determine whether counterclaims are identical early in litigation," "'the safer course for the court to follow is to deny a request to dismiss a counterclaim for declaratory relief unless there is no doubt that it will be rendered moot by the adjudication of the main action.'" Id.

In the instant case, the Court will initially consider whether B&S could bring its counterclaim in a separate suit, as this is explicitly required by the Sixth Circuit in Dominion. Under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., "any court of the United States, upon the

filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).  Courts have permitted debt collectors to file claims for declaratory judgment asserting that their practices do not violate the FDCPA.  See, e.g. Riddle & Associates, P.C. v. Kelly, 414 F.3d 832, 833-34 (7th Cir. 2005).  Therefore, the Court finds that the instant case meets the essential requirement set forth by the Dominion court for a proper declaratory judgment counterclaim—namely, that it could have been the basis of a separate suit in equity.

Next, the Court must decide whether the counterclaim is either redundant and would be rendered moot by the determination of Erickson's Complaint or whether, to the contrary, it is premature to dismiss the counterclaim at this stage of the case because B&S may be entitled to an affirmative declaration of its rights.  Upon review, the Court notes that B&S's Counterclaim requests two specific declarations: (1) that the Court enter a declaratory judgment in favor of B&S, and against Erickson, to the effect that the conduct of B&S in collecting a consumer debt from Erickson does not give rise to a cause of action for a violation of the FDCPA; and (2) that the Court enter a declaratory judgment in favor of Erickson, and against B&S, to the effect that Erickson's Complaint has been filed and prosecuted in bad faith and for purposes of harassment.  See Answer & Counterclaim at 11.

As to the first request for declaratory judgment that B&S did not violate the FDCPA, the Court finds that this request is factually and legally identical to Erickson's Complaint.  Specifically, Erickson's Complaint requests whether or not B&S's actions violated that FDCPA.  B&S's Counterclaim for declaratory judgment seeks the identical determination, despite the fact that the parties undoubtedly desire different results.  Therefore, because B&S's Counterclaim for declaratory

judgment that it did not violate the FDCPA will be rendered moot by the disposition of Erickson's Complaint, the Court finds that this request for declaratory judgment must be dismissed as redundant. See, e.g., Resolution Trust, 801 F.Supp. at 1556 (holding that the identical factual and legal issues are presented when defendants seek an adjudication that they did not violate their duties as alleged by plaintiff and that, as such, defendants' counterclaims for declaratory judgment are redundant and would be moot upon disposition of the claims against defendants).

As to the second request for declaratory judgment that Erickson brought the action in bad faith for the purpose of harassment, the FDCPA only permits an award of attorneys' fees to a defendant upon such a finding. Specifically, the FDCPA provides that, "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3). Thus, this request for declaratory judgment is beyond the scope of Erickson's request for declaratory judgment. As such, it is not redundant to the Complaint, and it will not be mooted by the disposition of the Complaint. To the contrary, B&S is only entitled to the attorneys' fees if it seeks and receives such a declaration by the Court. Accordingly, the Court finds that B&S's counterclaim seeking a declaratory judgment that the action was brought in bad faith for purpose of harassment should not be dismissed as redundant to the Complaint.

As the Court finds that B&S's request for declaratory judgment on the issue of bad faith is not redundant to the Complaint, the Court must proceed to consider whether this Counterclaim states a claim upon which relief may be granted under Rule 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure. Upon review, the Court finds that the Counterclaim does set forth a short and plain statement that B&S is entitled to relief and provides Erickson with fair notice of what the claim is

and the grounds upon which it rests.  See Fed. R. Civ. P. 8(a); Conley, 355 U.S. at 47; Westlake v. Lucas, 537 F.2d at 858.  Specifically, B&S alleges that "[s]ubstantially all of the factual representations made in the Complaint are false," that Erickson "knows that substantially all of the factual representations made in the Complaint are false," that Erickson "has filed the Complaint in bad faith and for the purpose of harassment," and that B&S is entitled to "attorneys' fees incurred in the defense of the . . . unfounded Complaint."  See Counterclaim ¶¶ 20-22, 27.  Further, B&S sets forth fairly extensive factual support for its assertions that it did not violate the FDCPA, which also substantiates its assertion that the instant action was filed in bad faith for purposes of harassment.  See Counterclaim ¶ 23(A)-(Y).  Thus, the Court finds that these allegations in the Counterclaim meet the requirements set forth in Twombly that a claim must have a proper factual foundation.  Accordingly, the Court finds that B&S's Counterclaim for a declaratory judgment on the issue of bad faith should not be dismissed for failure to state a claim upon which relief may be granted.

### III. Conclusion

For the reasons set forth herein, Erickson's Motion to Dismiss is hereby GRANTED IN PART AND DENIED IN PART.  B&S's Counterclaim seeking a declaratory judgment that it did not violate the FDCPA shall be dismissed as redundant to Erickson's Complaint.  B&S's Counterclaim seeking a declaratory judgment that Erickson brought the action in bad faith for the purpose of harassment shall not be dismissed.

**IT IS SO ORDERED** this 8th day of December, 2009.

                                                s/ Charmiane G. Claxton
                                                CHARMIANE G. CLAXTON
                                                UNITED STATES MAGISTRATE JUDGE